STUART F. DELERY
Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
    (Cal. Bar. No. 222986)
MICHAEL S. BLUME
PATRICK R. RUNKLE
United States Department of Justice, Civil Division
    P.O. Box 386
    Washington, D.C. 20044
    Telephone:  (202) 616-0219
    Facsimile:  (202) 514-8742
    Email:     Patrick.R.Runkle@usdoj.gov

ANDRÉ BIROTTE JR.
United States Attorney
ROGER WEST
Assistant United States Attorney
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2361
    Facsimile:  (213) 894-0141
    Email:  Roger.West@usdoj.gov

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR |
| | ) | PERMANENT INJUNCTIVE |
| v. | ) | RELIEF |
| | ) | |
| TOYS DISTRIBUTION, INC. dba TDI | ) | |
| INTERNATIONAL, a California | ) | |
| corporation; and LOAN TUYET THAI, | ) | |
| LAN MY LAM and PAUL PHUONG, | ) | [15 U.S.C. §§ 2071(a), 1267(a)] |
| individually and as officers of the | ) | |

corporation; S & J MERCHANDISE, INC., )
a California corporation; and CUC T.THAI )
  individually and as an officer of the )
corporation; BLJ APPAREL, INC., a )
California corporation; and LUAN LUU, )
individually and as an officer of the )
corporation; and ALL SEASON SALES, )
INC., a California corporation; and TOM )
LIU, individually and as an officer of both )
All Season Sales and S & J Merchandise, )
                                         )
Defendants.                              )
                                         )
_____ )

Plaintiff, the United States of America, alleges:

<u>INTRODUCTION</u>

1.     The United States of America brings this action to enjoin and restrain

Toys Distribution, Inc. dba TDI International, S & J Merchandise, Inc., BLJ

Apparel, Inc., All Season Sales, Inc., Loan Tuyet Thai, Lan My Lam, Paul Phuong,

Cuc T. Thai, Tom Liu and Luan Luu (collectively, "defendants"), from selling,

importing, or distributing children's products in violation of the Consumer Product

Safety Act ("CPSA"), 15 U.S.C. §§ 2051-2089; the Federal Hazardous Substances

Act ("FHSA"), 15 U.S.C. §§ 1261-1278; and regulations issued thereunder.

2.     The United States pursues this action on behalf of the U.S. Consumer

Product Safety Commission ("CPSC" or "Commission"), an independent federal

regulatory agency that enforces the CPSA, the FHSA, and related regulations.   One

of the purposes of the CPSC is to protect the public against unreasonable risks of injury associated with consumer products.   The principal offices of the Commission are at 4330 East West Highway, Bethesda, Maryland, 20814-4408.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

4.      This Court also has jurisdiction, under 15 U.S.C. § 2071(a), to restrain any violation of the CPSA, and, under 15 U.S.C. § 1267(a), to restrain any violation of the FHSA.   Venue in the Central District of California is proper under 28 U.S.C. § 1391(b) and (c).

## DEFENDANTS

5.      Defendant Toys Distribution, Inc. dba TDI International ("TDI") is a corporation organized and existing under the laws of California, located at 1440 Boyd Street, Los Angeles, California, 90033.

6.      Defendants Loan Tuyet Thai and Lan My Lam are the owners of TDI and Paul Phuong is the manager of TDI.   They are the individuals responsible for ensuring compliance with the requirements of the CPSA, the FHSA, and the regulations issued thereunder.   At all times relevant to this Complaint, they formulated, directed, controlled, and participated in the acts and practices of the corporate defendant, including the acts and practices set forth in this Complaint.

7.     TDI is a manufacturer (the definition includes any person who imports a consumer product) and retailer—as those terms are defined in 15 U.S.C. § 2052(a)(11) and (13)—of consumer products, including children's toys and articles that are subject to the requirements of the CPSA, the FHSA, and the regulations issued thereunder.

8.     TDI, Thai, Lam and Phuong ("TDI defendants") operate one joint warehouse retail facility in Los Angeles, California.   Through that warehouse, they import and sell various consumer products, including children's products and toys.

9.     Since May 20, 2008, the CPSC has collected 66 samples of consumer products from the TDI defendants' import shipments at the Port of Los Angeles/Long Beach or the TDI defendants' Los Angeles facility.   In total the CPSC found 61 of these samples to be children's products in violation of CPSC statutes and regulations.   The violative samples included children's products and toys with illegal levels of total lead content, lead paint, and phthalates; toys intended for children under three years of age that contain small parts; infant rattles which may cause choking and/or suffocation; and children's products and toys lacking required certification based on third-party testing and lacking tracking labels.   The CPSC issued a total of 23 Letters of Advice ("LOAs") from June 14, 2008 to September 14, 2011, notifying the TDI defendants of the violations.

10.     Defendant S & J Merchandise Inc. ("S & J") is a corporation organized

and existing under the laws of California, located at 10636 Valley Mall, El Monte, California, 91731.

11.     Defendant Cuc T. Thai is the owner of S & J and Tom Liu is the manager of S & J.   They are the individuals responsible for ensuring compliance with the requirements of the CPSA, FHSA, and the regulations issued thereunder. At all times relevant to this Complaint, they formulated, directed, controlled, and participated in the acts and practices of the corporate defendant, including the acts and practices set forth in this Complaint.

12.     S & J is a manufacturer (the definition includes any person who imports a consumer product) and retailer—as those terms are defined in 15 U.S.C. § 2052(a)(11) and (13)—of consumer products, including children's toys and articles that are subject to the requirements of the CPSA, the FHSA, and the regulations issued thereunder.

13.     S & J, Thai and Liu ("S & J defendants") operate one joint warehouse retail facility in El Monte, California.   Through that warehouse, they import and sell various consumer products, including children's products and toys.

14.     Since November 19, 2010, the CPSC has collected 18 samples of consumer products from the S & J defendants' import shipments at the Port of Los Angeles/Long Beach or the S & J defendants' El Monte facility.   In total, the CPSC found 17 of these samples to be children's products in violation of CPSC statutes

and regulations.   The violative samples included children's products and toys with illegal levels of total lead content, lead paint, and phthalates; toys intended for children under three years of age that contain small parts; infant rattles which may cause choking and/or suffocation; and children's products and toys lacking required certification based on third-party testing and lacking tracking labels.   The CPSC issued a total of seven LOAs from February 2, 2011 to December 20, 2011, notifying the S & J defendants of the violations.

15.   Defendant BLJ Apparel Inc. ("BLJ") is a corporation organized and existing under the laws of California located at 9322 Klingerman Street, South El Monte, California, 91733.

16.   Defendant Luan Luu is the owner of BLJ. He is the individual responsible for ensuring compliance with the requirements of the CPSA, FHSA, and the regulations issued thereunder.   At all times relevant to this Complaint, he formulated, directed, controlled, and participated in the acts and practices of the corporate defendant, including the acts and practices set forth in this Complaint.

17.   BLJ is a manufacturer (the definition includes any person who imports a consumer product) and retailer—as those terms are defined in 15 U.S.C. § 2052(a)(11) and (13)—of consumer products, including children's toys and articles that are subject to the requirements of the CPSA, the FHSA, and the regulations issued thereunder.

18.     BLJ and Luu ("BLJ defendants") operate one joint warehouse retail facility in South El Monte, California.   Through that warehouse, they import and sell various consumer products, including children's products and toys.

19.     Since May 9, 2012, the CPSC has collected four samples of consumer products from the BLJ defendants' import shipments at the Port of Los Angeles/Long Beach.   In total, the CPSC found four of these samples to be children's products in violation of CPSC statutes and regulations.   The violative samples included children's products and toys with illegal levels of total lead content; toys intended for children under three years of age that contain small parts; infant rattles which may cause choking and/or suffocation; and children's products and toys lacking required certification based on third-party testing and lacking tracking labels.   The CPSC issued a total of two LOAs, both dated June 27, 2012, notifying the BLJ defendants of the violations.

20.     Defendant All Season Sales, Inc. ("All Season Sales") is a corporation organized and existing under the laws of California located at 8129 Slauson Ave, Montebello, CA 90640.

21.     Defendant Tom Liu, also sued individually as the manager of S & J Merchandise, is the owner of All Season Sales. He is the individual responsible for ensuring compliance with the requirements of the CPSA, FHSA, and the regulations issued thereunder.   At all times relevant to this Complaint, he formulated, directed,

controlled, and participated in the acts and practices of the corporate defendant, including the acts and practices set forth in this Complaint.

22.   All Season Sales is a manufacturer (the definition includes any person who imports a consumer product) and retailer—as those terms are defined in 15 U.S.C. § 2052(a)(11) and (13)—of consumer products, including children's toys and articles that are subject to the requirements of the CPSA, the FHSA, and the regulations issued thereunder.

23.   All Season Sales and Liu ("All Season Sales defendants") operate one joint warehouse retail facility in Montebello, California.   Through that warehouse, they import and sell various consumer products, including children's products and toys.

24.   Since February 2013, the CPSC has collected 12 samples of consumer products from the All Season Sales defendants' import shipments at the Port of Los Angeles/Long Beach.   In total, the CPSC found 12 of these samples to be children's products in violation of CPSC statutes and regulations.   The violative samples included children's products and toys with illegal levels of total lead content and lead-containing paint; and children's products and toys lacking required certification based on third-party testing and lacking tracking labels.   The CPSC issued a total of six LOAs—from March 22, 2013 to August 12, 2013, notifying the All Season Sales defendants of the violations.

25.     The TDI defendants, S & J defendants, BLJ defendants, and All Season Sales defendants share significant business and/or personal ties and have engaged or are engaging in one series of transactions and occurrences by importing violative products through a succession of loosely-related business entities.   Taken together, there is a nucleus of facts common to the series of acts or transactions described in this Complaint, and joinder is appropriate in this case.

## VIOLATIONS OF THE CPSA

26.     The CPSA prohibits the sale, offer for sale, manufacture for sale, distribution in commerce, or importation into the United States of any consumer product, or other product or substance that is regulated under the CPSA or any other Act enforced by the CPSC, that is not in conformity with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard, or ban under any other Act enforced by the Commission.   15 U.S.C. § 2068(a)(1).

27.     Under the CPSA, it is unlawful for any person to fail to furnish information required under 15 U.S.C. § 2064(b).   15 U.S.C. § 2068(a)(4).

28.     Under the CPSA, it is unlawful to fail to furnish a certificate required by the CPSA or any other Act enforced by the Commission. 15 U.S.C. § 2068(a)(6).

29.     Under the CPSA, it is unlawful for any person to fail to comply with the tracking labels requirement in 15 U.S.C. § 2063, or any rule or regulation under that section.   15 U.S.C. § 2068(a)(6).

30.     The defendants' violations of the CPSA provisions in paragraphs 26 through 29 above are specified in Counts 1 through 5 below.

<u>Count 1</u>

31.     Under the CPSA it is unlawful for any person to manufacture for sale, offer for sale, distribute in commerce, or import into the United States any children's toys and child care articles containing concentrations of more than 0.1 percent of certain phthalate compounds, including di-(2-ethylhexyl) phthalate (DEHP), dibutyl phthalate (DBP), or benzyl butyl phthalate (BBP).   15 U.S.C. § 2057c(a).

32.     Samples of products collected from the TDI and S & J defendants' import shipments and facility are "children's toys" as defined under 15 U.S.C. § 2057c(g)(1)(B).   Twelve toys exceeded the phthalate concentration limit, because they contained more than 0.1 percent of DEHP and other regulated phthalate compounds.   Accordingly, the toys cannot be manufactured for sale, offered for sale, distributed in commerce, or imported into the United States under the CPSA. The CPSC sent the TDI defendants two LOAs dated August 24, 2011 and a LOA dated September 1, 2011, notifying them of nine total phthalates violations and requesting corrective action.   The CPSC sent the S & J defendants an LOA dated December 19, 2011, notifying them of three phthalates violations and requesting corrective action.

33.     On these 12 occasions, the TDI defendants and S & J defendants

knowingly sold, offered for sale, distributed in commerce, or imported into the United States toys containing phthalates in excess of the statutory limits, thereby violating 15 U.S.C. § 2068(a)(1).

<u>Count 2</u>

34.    Under section 8 of the CPSA, 15 U.S.C § 2057, and regulations issued thereunder, toys and other articles intended for use by children that bear "lead-containing paint" are banned hazardous products.   16 C.F.R. § 1303.4(b). The CPSC banned such toys and articles because "there is an unreasonable risk of lead poisoning in children associated with lead content of over [the limit imposed by the CPSC] in paints and coatings to which children have access and that no feasible consumer product safety standard under the CPSA would adequately protect the public from this risk."   16 C.F.R. § 1303.1(c).

35.    Prior to August 14, 2009, the lead paint ban defined "lead-containing paint" as paint and similar surface coatings that contain lead "in excess of 0.06 percent of the weight of the total nonvolatile content of the paint or the weight of the dried paint film."   16 C.F.R. § 1303.1(a).   Effective August 14, 2009, the lead limit was reduced from 0.06 percent to 0.009 percent, pursuant to section 101(f) of the Consumer Product Safety Improvement Act of 2008 ("CPSIA").   15 U.S.C. § 1278a(f); 16 C.F.R. § 1303.1(c).

36.    Multiple items collected from the TDI defendants' import shipments

and facility are "toys" or "other articles intended for use by children," as defined under 16 C.F.R. § 1303.2(b)(3).   Four toys collected failed to comply with the lead paint ban, because they contained lead paint beyond the statutory limit.   The CPSC sent the TDI defendants LOAs dated June 14, 2008, November 7, 2008, November 12, 2008, and November 18, 2008, notifying them of four total violations and requesting corrective action.

37.     On these four occasions, the TDI defendants knowingly sold, offered for sale, distributed in commerce, or imported into the United States toys or other articles intended for use by children that contained lead paint in excess of the statutory limits, thereby violating 15 U.S.C. § 2068(a)(1).

<u>Count 3</u>

38.     Under 15 U.S.C. § 2064(b), every manufacturer, distributor, or retailer of a consumer product "who obtains information which reasonably supports the conclusion that such product (1) fails to comply with an applicable consumer product safety rule … or… (2) fails to comply with any other rule, regulation, standard, or ban under this Act or any other Act enforced by the Commission . . . shall immediately inform the Commission of such failure to comply" unless the manufacturer, distributor, or retailer "has actual knowledge that the Commission has been adequately informed" of such failure to comply.   15 U.S.C. § 2064(b)(1) and (2).

39.     The TDI defendants received 23 LOAs, the S & J defendants received seven LOAs, and the Season defendants received six LOAs from the CPSC alerting them that they were importing and selling violative products, including children's products above the lead content limits, lead paint ban limits, phthalates limits, and children's products violating the small parts requirement.   These LOAs informed TDI, S & J and All Season Sales defendants that certain products violated CPSC laws and regulations, but the defendants knowingly continued to import, distribute, or sell products that were violative without informing the CPSC, thereby violating 15 U.S.C. § 2068(a)(4).

<u>Count 4</u>

40.     Under the CPSA, every manufacturer of a children's product that is subject to a children's product safety rule must submit samples of the product to a third-party conformity assessment body for testing.   The manufacturer must then issue a certificate, based upon such testing, that such children's product complies with each applicable children's product safety rule.   This requirement applies for children's products that produce small parts or have lead-containing paint.   15 U.S.C. § 2063(a)(2).   As of January 1, 2012 this requirement applies for children's products that contain lead.   15 U.S.C. § 2063(a)(3).

41.     Samples of toys and articles CPSC collected from defendants' import shipments and facility are "children's products" as defined under 15 U.S.C. §

2052(a)(2) and are subject to a "children's product safety rule" as defined under 15 U.S.C. § 2063(f)(1).   Twenty-five items collected—three from TDI, eight from S & J, four from BLJ, and 10 from Season—were required to have a certificate based on third-party testing for small parts, lead paint and/or lead content, but failed to have one.   The CPSC sent all defendants LOAs notifying them that these shipments lacked a certificate based upon third-party testing as required under 15 U.S.C. § 2063(a)(2) and requesting corrective action.

42.   On these 25 occasions, all defendants knowingly failed to furnish certificates based upon third-party testing, for children's products that are subject to a children's product safety rule, thereby violating 15 U.S.C. § 2068(a)(6).

<u>Count 5</u>

43.   Under the CPSA, every manufacturer of a children's product shall place permanent, distinguishing marks ("tracking labels") on the product and its packaging, which will enable the manufacturer and ultimate purchaser of the product to ascertain the location and date of production of the product, along with cohort information.   This requirement was effective as of September 14, 2009.   15 U.S.C. § 2063(a)(5).

44.   Samples of toys and articles CPSC collected from defendants' import shipments and facility are "children's products" as defined under 15 U.S.C. § 2052(a)(2).   Thirty-four children's products collected—seven from TDI, 13 from S

& J, two from BLJ, and 12 from Season—failed to have tracking labels.   The CPSC sent all defendants LOAs notifying them that their children's products lacked tracking labels as required under 15 U.S.C. § 2063(a)(5) and requesting corrective action.

45.     On these 34 occasions, thedefendants knowingly failed to comply with the requirement to have tracking labels on children's products, thereby violating 15 U.S.C. § 2068(a)(6).

<u>VIOLATIONS OF THE CPSA AND THE FHSA –<br>BANNED HAZARDOUS SUBSTANCES</u>

46.     Under the FHSA, it is unlawful to introduce, cause the introduction of, deliver, or cause the delivery for introduction into interstate commerce of, any banned hazardous substance.   15 U.S.C. §1263(a).

47.     Under the FHSA, it is unlawful to receive, cause the receipt of in interstate commerce, deliver, or proffer to deliver for pay or otherwise, any banned hazardous substance.   15 U.S.C. § 1263(c).

48.     Under the CPSA, it is unlawful for any person to "sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States any consumer product, or other product or substance" that is regulated under the CPSA or any other Act enforced by the CPSC, that is not in conformity with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard, or ban under any other Act enforced by the Commission.   15 U.S.C. §

2068(a)(1).

49.     Under the CPSA, it is unlawful for any person to sell, offer for sale, distribute in commerce, or import into the United States any consumer product, or product or substance that is a banned hazardous substance within the meaning of 15 U.S.C. § 1261(q)(1).   15 U.S.C. § 2068(a)(2)(D).

50.     The defendants' violations of the CPSA and FHSA provisions in paragraphs 46 through 49 above are specified in Counts 6 through 9 below.

<u>Count 6</u>

51.     Under the FHSA and the regulations issued thereunder, toys and other articles intended for use by children under three years of age that constitute a mechanical hazard because they contain small parts which present the risk of choking, aspiration, or ingestion are banned hazardous substances.   16 C.F.R. § 1500.18(a)(9).   Before or after the toy is subjected to use and abuse tests set forth at 16 C.F.R. §§ 1500.50 - 1500.52, no portion of a toy may separate and produce small parts that fit entirely into the specified test fixture.   15 U.S.C. §§ 1261(f)(1)(D), 1261(q)(1)(A), 1261(s); 16 C.F.R. § 1500.18(a)(9) and 16 C.F.R. part 1501.

52.     Samples of toys and articles collected from TDI defendants, S & J defendants and BLJ defendants' import shipments and facility are "toys and other articles intended for use by children under 3 years of age," as defined under 16 C.F.R. § 1501.2.   Nineteen toys and articles failed to meet the small parts

regulation, because portions of the toys and articles separated and produced small parts when subjected to use and abuse tests.   Accordingly, the toys and articles are banned hazardous substances.   The CPSC sent the TDI defendants LOAs dated November 7, 2008, March 24, 2009, September 23, 2009, September 27, 2010, October 8, 2010, and November 16, 2010 notifying them of 12 total violations and requesting corrective action.   The CPSC sent the S & J defendants LOAs dated February 2, 2011, March 31, 2011 and December 20, 2011 notifying them of five total violations and requesting corrective action.   The CPSC sent the BLJ defendants a LOA dated June 27, 2012 notifying them of two violations and requesting corrective action.

53.     On these 19 occasions, TDI, S&J, and the BLJ defendants knowingly introduced or caused the introduction or delivery for introduction into interstate commerce of banned hazardous substances, that is, toys or other articles intended for use by children under three years of age, which contained small parts, or received in interstate commerce such toys or articles and delivered or proffered delivery thereof for pay or otherwise, thereby violating 15 U.S.C. §§ 1263(a), (c), 2068(a)(1) and (2)(D).

Count 7

54.     Under the FHSA, any children's product containing lead in excess of the statutory limit is a banned hazardous substance.   15 U.S.C. § 1278a(a)(1).

Between February 11, 2009 and August 13, 2009, children's products containing more than .006 percent, or 600 parts per million, lead were banned hazardous substances.   Between August 14, 2009 and August 13, 2011, children's products containing more than .003 percent, or 300 parts per million, lead were banned hazardous substances.   As of August 14, 2011, children's products containing more than .001 percent, or 100 parts per million, lead were banned hazardous substances. 15 U.S.C. § 1278a(a)(2).

55.    Samples of products collected from defendants' import shipments and facility are "children's products," as defined under 15 U.S.C. § 2052(a)(2).   Thirty nine children's products contained lead content in excess of the statutory limit. Accordingly, the children's products are banned hazardous substances. The CPSC sent the TDI defendants LOAs dated March 24, 2009, October 8, 2009, September 27, 2010, November 4, 2010, November 10, 2010, November 16, 2010 (two LOAs), January 10, 2011, June 15, 2011, and September 14, 2011 (two LOAs), notifying them of 22 total violations and requesting corrective action.   The CPSC sent the S & J defendants LOAs dated February 2, 2011, June 6, 2011, August 1, 2011 and December 20, 2011, notifying them of eight total violations and requesting corrective action. The CPSC sent the BLJ defendants a LOA dated June 27, 2012, notifying them of one violation and requesting corrective action. The CPSC sent the All Season Sales defendants LOAs dated March 22, 2013, June 6, 2013, June 25,

2013 and July 2, 2013, notifying them of eight total violations and requesting corrective action.

56.     On these 39 occasions, the defendants knowingly introduced or caused the introduction and delivery for introduction into interstate commerce of banned hazardous substances, that is, children's products containing lead, or received in interstate commerce such products, and delivered or proffered delivery thereof for pay or otherwise, thereby violating 15 U.S.C. §§ 1263(a), (c), 2068(a)(1) and (2)(D).

<u>Count 8</u>

57.     Any children's product with lead-containing paint in excess of the statutory limit is a banned hazardous substance.   15 U.S.C. § 1261(q)(1)(A). Effective August 14, 2009, violations of the lead paint ban became violations of the FHSA.   15 U.S.C. § 1278a(g); 16 C.F.R. § 1303.1(d).

58.     The lead paint ban defines "lead-containing paint" as paint and similar surface coatings that contain lead "in excess of 0.009 percent of the weight of the total nonvolatile content of the paint or the weight of the dried paint film."   16 C.F.R. § 1303.1(a); 15 U.S.C. § 1278a(f)(1).

59.     Products collected from the TDI defendants', S & J defendants', and All Season Sales defendants' import shipments and facility are "toys" or "articles intended for use by children," as defined under 16 C.F.R. § 1303.2(b)(3).   Three toys collected failed to comply with the lead paint ban because they contained lead

paint beyond the statutory limit.   Accordingly, these items are banned hazardous substances.   The CPSC sent the TDI defendants a LOA dated October 14, 2009, notifying them of one violation and requesting corrective action.   The CPSC sent the S & J defendants a LOA dated March 15, 2011, notifying them of one violation and requesting corrective action.   The CPSC sent All Season Sales defendants a LOA dated June 6, 2013, notifying them of one violation and requesting corrective action.

60.    On these three occasions after August 14, 2009, the TDI defendants, S & J defendants, and All Season Sales defendants knowingly introduced or caused the introduction and delivery for introduction into interstate commerce of banned hazardous substances, that is, toys or other articles bearing lead paint, and received in interstate commerce such products and delivered or proffered delivery thereof for pay or otherwise, thereby violating 15 U.S.C. §§ 1263(a), (c), 2068(a)(1) and (2)(D).

<u>Count 9</u>

61.    Under the FHSA and the regulations issued thereunder, certain infant rattles which may cause choking and /or suffocation are banned hazardous substances.   15 U.S.C. § 1261(q)(1); 16 C.F.R. § 1500.18.

62.    Samples of products collected from the TDI and BLJ defendants' import shipments and facility are "rattles," as defined in 16 C.F.R. § 1510.2.   Four rattles failed to meet the testing requirements under 16 C.F.R. § 1510.3.

Accordingly, the rattles are banned hazardous substances under 16 C.F.R. § 1500.18(a).   The CPSC sent the TDI defendants LOAs dated September 8, 2011 and September 14, 2011, notifying them of three total violations and requesting corrective action. The CPSC sent the BLJ defendants a LOA dated June 27, 2012, notifying them of one violation and requesting corrective action.

63.     On these four occasions, the TDI and BLJ defendants knowingly introduced or caused the introduction and delivery for introduction into interstate commerce of banned hazardous substances, that is, rattles which may cause choking and/or suffocation, and received in interstate commerce such products and delivered or proffered delivery thereof for pay or otherwise, thereby violating 15 U.S.C. §§ 1263(a), (c), 2068(a)(1) and (2)(D).

<u>RELIEF REQUESTED</u>

64.     Based on the TDI defendants', S & J defendants', BLJ defendants', and All Season Sales defendants' past and present courses of conduct, there is a substantial likelihood that, unless restrained by order of this Court pursuant to 15 U.S.C. §§ 2071(a) and 1267(a), defendants will continue to violate the CPSA, the FHSA, and other regulations issued thereunder.

WHEREFORE, the United States respectfully requests that this Court:

65.     Pursuant to 15 U.S.C. § 2071(a), permanently restrain and enjoin the

TDI defendants, S & J defendants, BLJ defendants, and All Season Sales defendants and each and all of their directors, officers, agents, servants, brokers, employees, successors, assigns, attorneys, and all persons or entities in active concert or participation with any of them, from directly or indirectly selling, offering for sale, distributing in commerce, or importing into the United States children's toys and children's products which do not conform to the consumer product safety statutes and regulations enforced by the CPSC, in violation of 15 U.S.C. § 2068(a)(1); selling, offering for sale, manufacturing for sale, distributing in commerce, or importing into the United States products that are banned hazardous substances within the meaning of 15 U.S.C. § 1261(q)(1) of the FHSA, in violation of 15 U.S.C. § 2068(a)(2)(D); failing to furnish to the CPSC the information required by 15 U.S.C. § 2064(b), in violation of 15 U.S.C. § 2068(a)(4); and failing to issue certificates and failing to include tracking labels required by 15 U.S.C. § 2063(a)(2) and (5), in violation of 15 U.S.C. § 2068(a)(6).

66.    Pursuant to 15 U.S.C. § 1267(a), permanently restrain and enjoin the TDI defendants, S & J defendants, BLJ defendants, and All Season Sales defendants, and each and all of their directors, officers, agents, servants, brokers, employees, successors, assigns, attorneys, and all persons or entities in active concert or participation with any of them, from directly or indirectly introducing or causing the introduction and delivery for introduction into interstate commerce of

banned hazardous substances, and receiving or causing the receipt in interstate commerce banned hazardous substances and delivering or proffering delivery thereof for pay or otherwise, in violation of 15 U.S.C. §§ 1263(a), (c), 2068(a)(1), and (2)(D).

67.     Pursuant to 15 U.S.C. §§ 2071(a) and 1267(a), award any further injunctive relief that is requested and agreed upon by the parties, as the Court deems necessary and proper.

68.     Award plaintiff judgment for its costs and for such other and further relief as it deems necessary and proper.

DATED:   February 24, 2014

                                        Respectfully submitted,

                                        FOR PLAINTIFF
                                        THE UNITED STATES OF AMERICA:

                                        ANDRÉ BIROTTE JR.
                                        United States Attorney

                                        STUART F. DELERY
                                        Assistant Attorney General
                                        MAAME EWUSI-MENSAH FRIMPONG
                                        Deputy Assistant Attorney General
                                        MICHAEL S. BLUME
                                        Director
                                        Consumer Protection Branch

By: s/ Patrick R. Runkle
PATRICK R. RUNKLE
Trial Attorney, Consumer Protection Branch
Civil Division
United States Department of Justice
P.O. Box 386
Washington, D.C.   20044
Telephone: 202-532-4723
Facsimile: 202-514-8742
Email:

OF COUNSEL:

STEPHANIE TSACOUMIS
General Counsel

MELISSA V. HAMPSHIRE
Assistant General Counsel

HARRIET KERWIN
Attorney
Office of the General Counsel
U.S. Consumer Product Safety Commission
Bethesda, MD 20814