UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV 14−1364−GW(PLAx) |
| | ) | |
| Plaintiff, | ) | CONSENT DECREE OF |
| | ) | PERMANENT INJUNCTION |
| v. | ) | AS TO TOYS |
| | ) | DISTRIBUTION, INC., LAN |
| TOYS DISTRIBUTION, INC. dba TDI | ) | MY LAM, AND LOAN |
| INTERNATIONAL, a California | ) | TUYET THAI |
| corporation; and LOAN TUYET THAI, | ) | |
| LAN MY LAM and PAUL PHUONG, | ) | |
| individually and as officers of the | ) | |
| corporation; S & J MERCHANDISE, INC., | ) | [15 U.S.C. §§ 2071(a), 1267(a)] |
| a California corporation; and CUC T.THAI | ) | |
|   individually and as an officer of the | ) | |
| corporation; BLJ APPAREL, INC., a | ) | |
| California corporation; and LUAN LUU, | ) | |
| individually and as an officer of the | ) | |
| corporation; and ALL SEASON SALES, | ) | |
| INC., a California corporation; and TOM | ) | |
| LIU, individually and as an officer of both | ) | |
| All Season Sales and S & J Merchandise, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

WHEREAS the United States of America has filed a Complaint against Toys

Distribution Inc. dba TDI International, Paul Phuong, Lan My Lam, Loan Tuyet

Thai, BLJ Apparel Inc., Luan Luu, S & J Merchandise Inc., Cuc T. Thai, All

1

Season Sales, Inc. and Tom Liu for a permanent injunction for defendants' alleged violations of statutes and regulations enforced by the U.S. Consumer Product Safety Commission ("CPSC" or "Commission"), including section 19 of the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2068(a), and section 4 of the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1263;

WHEREAS the United States and defendants Toys Distribution, Inc., Lan My Lam, and Loan Tuyet Thai consent to entry of this Consent Decree for Permanent Injunction (the "Decree"), without contest, and before any testimony has been taken;

WHEREAS, defendants Toys Distribution, Inc., Lan My Lam, and Loan Tuyet Thai have waived service of the Summons and Complaint; the parties are represented by the attorney whose name appears hereafter; and the parties want to settle this action upon the following terms and conditions, without adjudication of any issue of fact or law.

THEREFORE, on the agreement of the parties, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## FINDINGS

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345.

2.     This Court has jurisdiction, under 15 U.S.C. §§ 2071(a) and 1267(a),

to restrain any violation of the CPSA and FHSA.    All references to the CPSA and

FHSA refer to those statutes as amended by the Consumer Product Safety

Improvement Act of 2008, Public Law 110-314 ("CPSIA"), which was amended

by Public Law 112-28 (2011), and all terms used herein shall have the same

meaning as defined and used in the CPSA, CPSIA, and FHSA.

3.    Venue in the Central District of California is proper under 28 U.S.C. §

1391(b) and (c).

4.    At all times relevant hereto, Toys Distribution Inc. ("TDI") is a

"manufacturer" and "retailer" of "consumer products," as those terms are defined

in section 3 of the CPSA, 15 U.S.C. § 2052(a).

5.    At all times relevant hereto, Lan My Lam and Loan Tuyet Thai are the

owners of TDI, and as such, they are individuals responsible for the acts and

practices of TDI including compliance with the requirements of the CPSA, the

CPSIA, and the FHSA, and the regulations issued thereunder.

10.    The Complaint states claims upon which relief may be granted against

defendants under section 19(a) of the CPSA, 15 U.S.C. § 2068(a), and section 4(a)

and (c) of the FHSA, 15 U.S.C. § 1263(a) and (c).

11.    The Complaint alleges that the defendants violated the CPSA, 15

U.S.C. § 2068(a)(1), by selling, offering for sale, manufacturing for sale,

distributing in commerce, and importing into the United States, consumer products,

or other products or substances that are regulated under the CPSA or any other Acts enforced by the Commission that are not in conformity with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard, or ban under any other Act enforced by the Commission.   Specifically, the Complaint alleges that TDI violated the CPSA by importing, offering for sale, selling, and distributing in commerce, children's toys or child care articles, as defined by 15 U.S.C. § 2057c(g)(1)(B) and (C), that contain phthalate concentrations exceeding the allowable amount pursuant to 15 U.S.C. § 2057c.

12.   The Complaint alleges that the defendants violated the CPSA, 15 U.S.C. § 2068(a)(1) and (2)(D), and the FHSA, 15 U.S.C. § 1263(a) and (c), by introducing or causing the introduction or delivery for introduction into interstate commerce of banned hazardous substances, or the receipt in interstate commerce of banned hazardous substances and the delivery or proffered delivery thereof for pay or otherwise.   Additionally, the Complaint alleges TDI violated the CPSA and FHSA by importing, distributing and selling children's products containing excessive lead, which are banned under 15 U.S.C. § 1278a.   Specifically, the Complaint alleges that TDI violated the CPSA and FHSA by importing, distributing and selling toys and other articles intended for use by children under three years of age, which present a choking, aspiration, or ingestion hazard because of small parts and which are banned by 16 C.F.R. § 1500.18(a)(9).   The

Complaint also alleges that TDI violated the CPSA and FHSA by importing, distributing and selling children's products that bear lead-containing paint, prohibited under 16 C.F.R. § 1303.4(b) and that TDI violated the CPSA and FHSA by importing, distributing and selling rattles that failed to meet the requirements of 16 C.F.R. part 1510, and are banned hazardous substances under 16 C.F.R. § 1500.18(a)(15).

13.     The Complaint alleges that TDI violated the CPSA, 15 U.S.C. § 2068(a)(4), by failing to furnish to the CPSC the information required by 15 U.S.C. § 2064(b).

14.     The Complaint alleges that TDI violated the CPSA, 15 U.S.C. § 2068(a)(6), by failing to furnish certificates required by this Act or any other Act enforced by the Commission, and further, by failing to comply with a requirement of section 14 (including the requirement for tracking labels) or any rule or regulation under such section.

15.     Defendants have entered into this Decree freely and without coercion.

16.     Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Decree.

17.     Entry of this Decree is in the public interest.

IT IS THEREFORE ORDERED AS FOLLOWS:

## **ORDER**

1.      The defendants who are signatories to this Decree—TDI, Lan My Lam, and Loan Tuyet Thai ("Signatories")—and each and all of their directors, officers, agents, servants, brokers, employees, successors, assigns, and attorneys, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Decree by personal service or otherwise, are permanently enjoined from importing into the United States, directly or indirectly, introducing or causing the introduction into interstate commerce any toy or other consumer product intended primarily for children 12 years of age or younger, unless and until:

A.      Signatories retain, at Signatories' sole cost and expense, an independent person or entity (the "Product Safety Coordinator"), who is without any personal or financial ties (other than the agreement pursuant to which the Product Safety Coordinator is engaged to perform the functions described in this Section 1.A) to Signatories, their families or any entity directly or indirectly controlled by Signatories or their families, and who, by reason of background, training, education, or experience is qualified to help Signatories fulfill the following requirements:

i.      Create a comprehensive product safety program.

ii.     Conduct a product audit to determine which of Signatories' merchandise and inventory requires testing and certification of compliance with the FHSA, the CPSA, and any other Act enforced by the CPSC, and quarantines all subject merchandise until the product audit is completed.

B.     Retain for children's products an accredited third party conformity assessment body or bodies accepted by the CPSC and listed on the CPSC's website (third party conformity assessment body) to perform third party testing on children's products as required by law.

C.     The Signatories establish, with the assistance of the Product Safety Coordinator, a comprehensive product safety program with written standard operating procedures ("SOPs") designed to ensure continuous compliance with applicable federal laws, standards, and regulations enforced by the CPSC.    The product safety program shall:

i.     Comply with the third party testing requirements pursuant to 15 U.S.C. § 2063(a)(2) and periodic testing at least once a year in accordance with the requirements of 16 C.F.R. part 1107.    This periodic testing requirement applies to each children's product that Signatories import into the United States or manufacture for sale that is subject to a children's product safety rule, or any other consumer product safety rule or similar ban, standard, or regulation under the CPSA, the FHSA, any other Act enforced by the CPSC, or

7

any regulation passed thereunder.

ii.      Ensure that after testing in accordance with law and this Consent Decree, Signatories issue, retain and provide to the CPSC on request, certificates of conformity for every consumer product that is subject to a consumer product safety rule, children's product safety rule, or similar ban, standard, or regulation under the CPSA, the FHSA, and any other Act enforced by the CPSC, or any regulation passed thereunder.

iii.     Establish systems to ensure that the product safety program's SOPs are followed consistently.

iv.     Include procedures to ensure that the Signatories: adequately correct any product violation cited by the CPSC (whether in connection with an inspection, a letter of advice or otherwise); conduct product recalls; and respond to CPSC letters of advice within the time specified in each letter of advice.

v.      Establish systems to:    investigate all reports of consumer incidents, property damage, injuries, warranty claims, insurance claims, and court complaints regarding consumer products that Signatories import, distribute or sell in the United States; adhere to applicable CPSC reporting requirements; address potentially defective products appropriately; and implement corrective internal procedures should systemic issues relating to compliance with CPSC requirements be identified.

D.     The Signatories shall ensure that a third party conformity assessment body has conducted certification testing on children's products. The Signatories shall hire or supervise the hiring of a third party conformity assessment body to test samples of each children's product, subject to any children's product safety rule including, but not limited to, the following:

i.     Small Parts: For each children's product that is intended for children under three years of age, as determined by age grading analysis that includes the factors listed at 16 C.F.R. § 1501.2(b), in accordance with the requirements of 16 C.F.R. §§ 1500.51, 1500.52, and 16 C.F.R. part 1501.

ii.     Rattle Requirements: For each children's product that meets the definition of a rattle, as defined in 16 C.F.R. § 1510.2, a third party conformity assessment body for rattle testing shall review a model of each product to determine whether small parts exist and test each rattle toy in accordance with the requirements of 16 C.F.R. §§ 1500.51 and 1510.4.

iii.     Lead Paint and Lead Content:   A third party conformity assessment body for lead paint and lead content testing shall test each model of children's product that bears a surface coating for compliance with the lead paint requirements of 16 C.F.R. part 1303, and test accessible substrates, when applicable, for the lead content requirements of 15 U.S.C. § 1278a(a)(2) and the applicable requirements of the effective version of American Society for Testing

and Materials standard F963-11.

                iv.    Phthalates:   A third party conformity assessment body for phthalates testing shall test each model of children's toy or child care article for compliance with the phthalate content requirements of 15 U.S.C. § 2057c.

        E.    The Signatories issue certificates of compliance for each children's product that is subject to any children's product safety rule, verifying that each of Signatories' children's products comply with such children's product safety rule, to the extent required by 15 U.S.C. § 2063(a)(2), 16 C.F.R. part 1110, and other applicable rules.

        F.    The Signatories shall certify in writing to the Office of Compliance that it is in compliance with the requirements set forth in subparagraphs (A)-(E) of this Decree.

        2.    Signatories, and each and all of their directors, officers, agents, servants, brokers, employees, attorneys, successors, assigns, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, are hereby permanently restrained and enjoined from directly or indirectly doing or causing to be done any of the following acts:

<u>Violating the CPSA</u>

        A.    Violating section 19(a)(1) of the CPSA, 15 U.S.C. § 2068(a)(1),

by selling, offering for sale, manufacturing for sale, distributing in commerce, or

importing into the United States any consumer product, or other product or

substance that is regulated under the CPSA or any other Act enforced by the

Commission, that is not in conformity with an applicable consumer product safety

rule under the CPSA, or any similar rule, regulation, standard, or ban under any

Act enforced by the Commission, including, but not limited to:

        i.      Any children's toys or child care articles that contain

excessive concentrations of phthalates in violation of 15 U.S.C. § 2057c;

        ii.     Any product which is subject to any consumer product

safety rule or any children's product safety rule and lacks a conformity certificate

to the extent required under 15 U.S.C. § 2063 and applicable rules, regulations, and

enforcement policies of the CPSC; and

        iii.    Children's products that have not been tested by an

accredited third party conformity assessment body accepted by the CPSC to the

extent required under 15 U.S.C. § 2063(a)(2) and applicable rules, regulations, and

enforcement policies of the CPSC;

        B.     Violating section 19(a)(2)(D) of the CPSA, 15 U.S.C.

§ 2068(a)(2)(D), by selling, offering for sale, manufacturing for sale, distributing

in commerce, or importing into the United States any consumer product, or other

product or substance that is a banned hazardous substance within the meaning of

section 2(q)(1) of the FHSA, 15 U.S.C. 1261(q)(1), including, but not limited to,

the violations discussed in subparagraphs (F) - (G) below.

> C.    Violating section 19(a)(4) of the CPSA, 15 U.S.C. § 2068(a)(4),

by failing to furnish to the CPSC information required by section 15(b) of the

CPSA, 15 U.S.C. § 2064(b).

> D.    Violating section 19(a)(6) of the CPSA, 15 U.S.C. § 2068(a)(6),

by failing to furnish a certificate required by this Act or any other Act enforced by

the Commission, or to issue a false certificate, if such person, in the exercise of due

care, has reason to know that the certificate is false or misleading in any material

respect; or to fail to comply with any requirement of section 14 (including the

requirement for tracking labels), or any rule or regulation under such section.

> E.    Engaging in any other act or practice that would violate the

CPSA, 15 U.S.C. §§ 2051-2089.

<u>Violating the FHSA</u>

> F.    Introducing, or causing the introduction or delivery for

introduction into interstate commerce, any banned hazardous substance or

receiving in interstate commerce any banned hazardous substances, or delivering

or proffering to deliver thereof for pay or otherwise, in violation of section 4 of the

FHSA, 15 U.S.C. § 1263(a) and (c), including, but not limited to:

> > i.    Any children's product containing lead exceeding the

limits established in 15 U.S.C. § 1278a;

       ii.      Any toy or other article intended for use by children that bears lead-containing paint, as defined by 16 C.F.R. § 1303.2(b);

       iii.      Any toy or other article, intended for use by children under three years of age that presents a choking, aspiration, or ingestion hazard because of small parts, as defined by 16 C.F.R. part 1501; and

       iv.      Any rattle, as defined in 16 C.F.R. § 1510.2, that does not comply with the requirements 16 C.F.R. part 1510.

       G.      Engaging in any other act or practice that would violate the FHSA, 15 U.S.C. §§ 1261-1278.

       3.      Beginning on or before the date that is six (6) months after the date of entry of this Decree and every six (6) months thereafter, for a period of three (3) years after the date of entry of this Decree, Signatories shall provide in writing to the CPSC a list of any names and importer of record numbers used or associated with any entity owned, managed, or controlled, in whole or in part, by Signatories. This list shall be mailed to the Director of Regulatory Enforcement, Office of Compliance and Field Operations.

       4.      Signatories shall maintain, and provide promptly to the CPSC upon request, for at least five (5) years after the date of this Decree, records of all analyses, testing, and certificates of conformance for any consumer product

13

required by this Decree and all applicable laws.   Such records shall include, but not be limited to, the date of the analysis and testing, the procedures used, and the results of the analysis and testing.   Signatories shall also maintain, and provide promptly to the CPSC upon request, for at least five (5) years after the date of this Decree, records of all consumer incidents, property damage, injuries, warranty claims, returns, insurance claims, or court complaints regarding consumer products that Signatories imported into the United States, regardless of where the incident occurred, to the extent reasonably available and permitted by law.

5.     Within ten (10) calendar days after date of the entry of this Decree, Signatories shall post copies of this Decree on all bulletin boards in common areas at their corporate, warehouse and retail facilities, and at any other locations at which Signatories conduct business within the CPSC's jurisdiction, and shall ensure that the Decrees remain posted at each location for as long as such Signatory is engaged in importing or selling any toy or other consumer product intended primarily for children 12 years of age or younger.

6.     Within ten (10) calendar days after the date of entry of this Decree, Signatories shall provide a copy of the Decree, by personal service or certified mail (restricted delivery, return receipt requested), to each and all of their directors, officers, agents, servants, brokers, and employees of each retail location in the United States (collectively referred to as "Associated Persons").   Within thirty

(30) calendar days of the date of entry of this Decree, Signatories shall provide to the CPSC's General Counsel an affidavit stating the fact and manner of their compliance with this paragraph, identifying the names, addresses, and positions of all persons who received a copy of this Decree pursuant to this paragraph.

7.     If any of the Signatories becomes associated with any additional Associated Person(s) at any time after the date of entry of this Decree, such Signatory immediately shall provide a copy of this Decree, by personal service or certified mail (restricted delivery, return receipt requested), to such Associated Person(s).   Within ten (10) calendar days after the date on which any of the Signatories becomes associated with any such additional Associated Person, such defendant(s) shall provide, to the CPSC's General Counsel, an affidavit stating the fact and manner of the applicable defendant's compliance with this paragraph, identifying the names, addresses, and positions of any Associated Person(s) who received a copy of this Decree pursuant to this paragraph, and attaching a copy of the executed certified mail return receipts.

8.     Within ten (10) calendar days of receiving a request from the CPSC for any information or documentation that the CPSC deems necessary to evaluate Signatories' compliance with this Decree, Signatories shall provide such information or documentation to the CPSC.

9.     Signatories shall notify the CPSC's General Counsel in writing at

least ten (10) calendar before (1) consummation of: a sale, lease, exchange, or transfer of all or substantially all of the assets of TDI; any merger, consolidation, or reorganization of TDI; or any change in ownership of TDI in which the holders of the outstanding equity of these businesses immediately before the transaction do not hold voting control, or at least 50% of the outstanding equity of, the surviving entity after the transaction; or (ii) adoption or approval by TDI of a plan of liquidation or dissolution or an agreement relating to or calling for liquidation or dissolution of TDI.

10.     All notifications, correspondence, and communications to the CPSC as required by the terms of this Decree shall be addressed to the     Director, Division of Regulatory Enforcement, Office of Compliance and Field Operations, CPSC, 4330 East West Highway, Bethesda, MD 20814, or to the General Counsel, , Office of the General Counsel, CPSC, 4330 East West Highway, Bethesda, MD 20814.

11.     If any Signatory fails to comply with the material provisions of this Decree, said Signatory shall pay to the United States of America liquidated damages in the sum of one thousand dollars ($1,000.00) for each day that said Signatory fails to comply with this Decree.   Signatories understand and agree that the liquidated damages specified in this paragraph are not punitive in nature and do not in any way limit the ability of the United States of America to seek, and the

Court to impose, additional criminal or civil contempt penalties based on conduct that may also be the basis for the payment of liquidated damages.

12.    If Signatories violate this Decree and are found in civil or criminal contempt thereof, Signatories shall, in addition to other remedies, reimburse plaintiff for its attorneys' fees, including overhead, investigational expenses, and court costs relating to such contempt proceeding.

13.    This Decree, and any act, statement, or document executed pursuant to or in furtherance of this Decree, shall not be deemed or used in any way: (i) as an admission of, or evidence of, the validity of any claim asserted in the Complaint, or of any wrongdoing or liability of the Signatories, or of any unlawful, unfair, or fraudulent business practices of the Signatories, all of which Signatories deny; (ii) as an admission of, or evidence of, any fault or omission of the Signatories in any civil, criminal, or administrative proceeding of any kind in any court, administrative agency, or other tribunal; or (iii) as an admission of, waiver, of, or evidence relating to, any claim or defense asserted by any party.

14.    Each party shall bear its own costs and attorneys' fees.

15.    The provisions of this Decree are separate and severable from one another.   If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

16.    This Court shall retain jurisdiction of this matter for purposes of

construction, modification, and enforcement of this Decree.

17.     The parties, by their respective counsel, hereby consent to entry of the foregoing Decree, which shall constitute a final judgment and order in this matter as to injunctive relief.    The parties further stipulate and agree that the entry of the foregoing Decree shall constitute full, complete, and final settlement of this action as to injunctive relief.

SO ORDERED this 10th day of June, 2014.

_George H. Wu_

_____
HON. GEORGE H. WU
United States District Judge

FOR PLAINTIFF:                          OF COUNSEL:

STUART F. DELERY                        STEPHANIE TSACOUMIS
Assistant Attorney General             General Counsel
MAAME EWUSI-MENSAH
FRIMPONG                               MELISSA V. HAMPSHIRE
Deputy Assistant Attorney General      Assistant General Counsel

MICHAEL S. BLUME                        HARRIET KERWIN
Director                               Attorney
JILL FURMAN                            Office of the General Counsel
Deputy Director                        U.S. Consumer Product Safety
Consumer Protection Branch             Commission
                                       Bethesda, MD        20814

By: _____

PATRICK R. RUNKLE
Trial Attorney, Consumer Protection
Branch
Civil Division
United States Department of Justice
P.O. Box 386
Washington, D.C.   20044
Telephone: 202-532-4723
Facsimile: 202-514-8742
Email: Patrick.r.runkle@usdoj.gov


FOR THE SIGNATORIES:


_____

Bryan Wong
Attorney for TDI, Lan My Lam, and Loan Tuyet Thai


_____

Lan My Lam
Individually and as officer of TDI


_____

Loan Tuyet Thai
Individually and as officer of TDI